UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VILMA MADRID RAMIREZ,
on behalf of herself, individually,
and on behalf of all others similarly-situated, **COMPLAINT**

                Plaintiff, **Docket No.: 18-cv-964**

      -against- Jury Trial Demanded

EL POTRERO SPORT BAR, INC.,

                Defendant.
------------------------------------------------------------------------X

      Plaintiff, VILMA MADRID RAMIREZ ("Ramirez"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against EL POTRERO SPORT BAR, INC., ("El Potrero" or "Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

      1.     This is a civil action for damages and equitable relief based upon willful violations that the Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 146-1.4; (iv) the minimum wage provisions of the NYLL, NYLL § 160; 12 NYCCRR §§ 146-1.2, 146-1.3; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement

1

that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a Queens County sports and dance bar - - as a waitress from on or about April 19, 2017 until on or about December 7, 2017. As described below, throughout the entirety of her employment, Defendant willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, Defendant frequently scheduled plaintiff to work a forty-two hour workweek, offering to pay Plaintiff $5.00 per hour plus an $8.00 commission for all drink "tickets" that Plaintiff sold to Defendant's customers. However, if Plaintiff failed to sell at least five "tickets" during any given shift, Defendant paid Plaintiff nothing whatsoever for that shift. As a result, Defendant therefore willfully failed to pay Plaintiff at any rate of pay - - let alone at the rate of one and one-half times her regular rate of pay, or one and one-half time the minimum wage rate, if greater - - for any hours that she worked in excess of forty each week, in violation of the FLSA, NYLL, and NYCCRR. Moreover, Defendant willfully failed to compensate Plaintiff at least at the statutory minimum wage rate for all hours worked, also in violation of the FLSA, NYLL, and NYCCRR.

3. Defendant also violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday and/or with an accurate wage notice upon hire.

4. Defendant paid and treated all of its wait staff and tipped employees in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period

who suffered damages as a result of Defendant's willful violations of the FLSA. Plaintiff brings her claims under the NYLL and NYCCRR on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the NYCCRR.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

9. At all times during her employment, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

10. At all relevant times, El Potrero was and is a corporation organized under the laws of the State of New York, with its principal place of business located at 46-12 Greenpoint Avenue, Sunnyside, New York 11104.

11. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA, NYLL, and NYCCRR. Additionally, Defendant El Potrero's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate

commerce within the meaning of the FLSA, as it employs two or more employees and operates a business that purchases and sells numerous drink products that have moved across state lines, and accepts payments in cash that naturally moves across state lines, the combination of which subjects Defendant to the FLSA's overtime and minimum wage requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime and minimum wages, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, during the applicable FLSA limitations period, performed any work for Defendant as members of Defendant's wait staff and/or as tipped employees, and who consent to file a claim to recover damages for unpaid minimum wages and overtime compensation, as well as liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half the minimum wage, if greater, for all hours that they worked per workweek in excess of forty; and (6) were not paid at least the statutory minimum wage rate for all hours worked.

14. At all relevant times herein, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each workweek above forty, and of the requirement to pay Plaintiff and all

4

FLSA Plaintiffs at least the statutory minimum wage rate for all hours worked, yet Defendant purposefully and willfully chose and chooses not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, and/or at the statutorily-set minimum wage for all hours worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

17. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former wait staff and tipped employees who performed any work for Defendant during the previous six years within the State of New York ("Rule 23 Plaintiffs").

### Numerosity

19. During the previous six years the Defendant has, in total, employed at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

20. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendant required and requires each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendant failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether the Defendant failed to pay Rule 23 Plaintiffs at least at the statutory minimum wage rate for all hours worked; (6) whether the Defendant failed to furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (7) whether the Defendant failed to furnish Rule 23 Plaintiffs with an accurate wage notice upon hire containing the information required by NYLL § 195(1); (8) whether the Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

21. As described in the "Background Facts" section below, the Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for the Defendant in New York and the Defendant did not pay them overtime pay for all hours worked in a week over forty, and/or at least at the statutory minimum wage rate for all hours worked, nor did Defendant furnish them with proper wage statements or wage notices when the law required. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under

the NYLL to receive overtime wages for all hours worked each week over forty, to be paid at least at the statutory minimum wage rate for all hours worked, and to be furnished with accurate wage statements on each payday and an accurate wage notice upon hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to the Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

22.    Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with the Defendant.  Defendant did not pay Plaintiff overtime for all hours worked over forty hours in a week, did not pay Plaintiff at least at the statutory minimum wage rate for all hours worked, and did not furnish Plaintiff with accurate wage statements on each payday and/or with an accurate wage notice upon hire, which is substantially similar to how the Defendant paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters pertaining to her raised in this Complaint and that will be raised in the Defendant's Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendant has subjected to the treatment alleged herein.

<u>Superiority</u>

23. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

24. Any lawsuit brought by any member of Defendant's wait staff or any of Defendant's tipped employees would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

25. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

26. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

27. Defendant El Potrero is a sports and dance bar located in Sunnyside, New York.

28. Defendant employed Plaintiff as a "waitress" from on or about April 19, 2017 until on or about December 7, 2017.

29. Despite her title, throughout her employment, Plaintiff's primary duties consisted of selling drink "tickets" to Defendant's customers at Defendant's bar.

30. Throughout her employment, Plaintiff's schedule varied depending on the season.

31. First, during the busy season from the beginning of her employment in April through mid-November 2017, Defendant regularly required Plaintiff to work, and Plaintiff did in fact regularly work, six or seven days per week, Monday through Saturday, and sometimes Sunday, from 10:00 p.m. to 4:00 a.m. on each day, for a total of between thirty-six and forty-two hours per week.

32. Next, during the slower season from mid-November through the end of her employment in December 2017, Defendant required Plaintiff to work, and Plaintiff did in fact regularly work, five days per week, Wednesday through Sunday, from 10:00 p.m. to 4:00 a.m. on each day, for a total of thirty hours per week.

33. Throughout her employment, regardless of the month or season, Defendant paid Plaintiff based upon the number of drink "tickets" she sold to Defendant's bar patrons. If Plaintiff sold five or more drink tickets during a shift, Defendant paid Plaintiff $5.00 per hour, plus $8.00 per drink ticket sold. If, however, Plaintiff was unable to sell at least five drink tickets during a given shift, Defendant paid Plaintiff no money whatsoever.

34. Plaintiff would sometimes be unable to sell five drink tickets during a given night, usually on weeknights from Monday through Wednesday, because Defendant's bar was less busy during these nights of the week.

35. Thus, throughout the entirety of Plaintiff's employment, Defendant routinely failed to pay Plaintiff at least at the statutory minimum wage rate for all hours worked or at her overtime rate of time and one-half her regular rate, or the minimum wage rate if greater, for any hours that she worked over forty in a week.

36. By way of example only, during the week of August 7 through August 13, 2017, Defendant required Plaintiff to work, and Plaintiff did in fact work, from 10:00 p.m. to 4:00 a.m., all seven days, without a scheduled or uninterrupted break on any day, for a total of forty-two hours that week. In exchange, Defendant paid Plaintiff at the rate of $5.00 per hour for Friday and Saturday for a total of $60.00. Defendant also paid Plaintiff $160.00 in "commissions" for her drink "ticket" sales on those two shifts. But Defendant paid Plaintiff no compensation whatsoever for her work on Monday through Wednesday of that week because she did not sell at least five

9

drink tickets during those evenings. Thus, for the entirety of this week, Defendant paid Plaintiff a total of $220.00 even though Plaintiff worked forty-two hours, which for purposes of computing the minimum wage, amounts to $5.24 per hour. Also for this week, Defendant failed to pay Plaintiff any wages for any hours that she worked per week in excess of forty.

37. Defendant paid Plaintiff on a daily basis.

38. On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with any wage statements, let alone statements that accurately listed, *inter alia*, Plaintiff's actual hours worked for that workweek, the drink "ticket" commissions she earned that week, or her accurate statutorily-mandated regular and overtime rates of pay for all hours worked.

39. Defendant also did not provide Plaintiff with any wage notice at the time of her hire, let alone one that accurately contained, *inter alia*: Plaintiff's rate or rates of pay and basis thereof; whether she would be paid by the hour, salary, or in another manner; allowances, if any, claimed as part of the minimum wage, including tip or meal allowances; the regular pay day designated by Defendant in accordance with the NYLL; the name of Defendant; any "doing business as" names used by Defendant; the physical address of Defendant's main office or principal place of business, and a mailing address if different; and Defendant's telephone number.

40. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

41. Defendant acted in this manner to maximize its profits and minimize its labor costs and overhead.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

43. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than the greater of one and one-half times their regular rate of pay or one and one-half times the minimum wage for all hours worked exceeding forty in a workweek.

45. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

46. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provision.

47. Defendant willfully violated the FLSA.

48. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of the greater between one and one-half times their respective regular rates of pay or one and one-half times the minimum wage.

49. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Minimum Wages under the FLSA*

50. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

52. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

53. As also described above, Defendant did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

54. Defendant willfully violated the FLSA.

55. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum wage rate of pay required by the FLSA for all hours worked.

56. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCCRR*

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. N.Y. Lab. Law § 160 and 12 NYCCRR § 146-1.4 require employers to compensate their employees at a rate not less than the greater of one and one-half times their regular rate of pay or one and one-half times the minimum wage for all hours worked exceeding forty in a workweek.

59. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

60. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

12

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of the greater between one and one-half times their respective regular rates of pay or one and one-half times the minimum wage.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCCRR's overtime provisions

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Minimum Wages under the NYLL and the NYCCRR*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 652 and 12 NYCCRR § 146-1.3 prescribe a minimum wage that employers must pay to their employees for each hour worked.

65. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and NYCCRR.

66. As also described above, Defendant failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

67. At the least, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are entitled to the minimum rate of pay required by the NYLL and NYCCRR for all hours worked.

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

69. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL.

72. As also described above, Defendant failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, with any wage statement on each payday, let alone one that accurately contained all of the criteria required under the NYLL.

73. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

74. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $250.00 for each workweek after the violation occurred, up to a statutory cap of $5,000.00.

### **SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

75. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

77. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL.

78. As also described above, Defendant failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

79. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $50.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

80. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $50.00 for each workweek after the violation occurred, up to a statutory cap of $5,000.00.

### **DEMAND FOR A JURY TRIAL**

81. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  h. Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    February 13, 2018

              Respectfully submitted,

              BORRELLI & ASSOCIATES, P.L.L.C.
              *Attorneys for Plaintiff*
              655 Third Avenue, Suite 1821
              New York, New York 10017
              Tel. (212) 679-5000
              Fax. (212) 679-5005

By: _____
   MICHAEL R. MINKOFF (MM 4787)
   ALEXANDER T. COLEMAN (AC 8151)
   MICHAEL J. BORRELLI (MB 8533)